Roberto Luis Costales, Esq. (#33696)
William H. Beaumont, Esq. (#33005)
Emily A. Westermeier, Esq. (#36294)
BEAUMONT COSTALES LLC
3801 Canal Street Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
costaleslawoffice@gmail.com
whbeaumont@gmail.com
emily.costaleslawoffice@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| OSCAR VALLE, on behalf of himself and other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAURAYNE BUILDERS LLC, GALINDO Z CONSTRUCTION LLC, ELDRED ROBERT, JR, and JOSE GALINDO,<br><br>Defendants. | Case No.:<br><br><br>COLLECTIVE ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff Oscar Valle, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants Beaurayne Builders LLC, Galindo Z Construction LLC, Eldred Robert, Jr., and Jose Galindo.

## NATURE OF THE ACTION

1. This is an action by Oscar Valle ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a general construction laborer by Defendants Beaurayne Builders LLC, Galindo Z Construction LLC, Eldred Robert, Jr., and Jose Galindo ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess

COLLECTIVE ACTION COMPLAINT - 1

of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Oscar Valle

5. Plaintiff is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately November 2016 and worked for Defendants for approximately five months.

7. Plaintiff worked at two apartment complex renovation projects for Defendants in Baton Rouge. Defendants' worksites were populated by at least sixty other laborers.

8. Plaintiff worked as a carpenter and sheetrocker.

9. Defendants paid Plaintiff $22.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $22.00 per hour.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Beaurayne Builders LLC

11. Defendant Beaurayne Builders LLC ("Beaurayne") is a limited liability company organized under the laws of Louisiana with its principal place of business in Prairieville, Louisiana.

12. Beaurayne is a commercial and residential construction company that offers services at all levels of building and remodeling. Beaurayne engaged Galindo Z Construction LLC to provide labor for its jobsites.

13. Beaurayne supervised the day to day work activities of Plaintiff.

14. Beaurayne determined Plaintiff's work schedule for the employment at issue herein.

15. Beaurayne maintains an employment file for Plaintiff.

16. Beaurayne is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. Beaurayne is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Galindo Z Construction LLC

18. Defendant Galindo Z Construction LLC ("Galindo Z") is a limited liability company organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana.

19. Galindo Z is in the business of providing manual labor for general contractors, including Defendant Beaurayne.

COLLECTIVE ACTION COMPLAINT - 3

20. Galindo Z supervised the day to day work activities of Plaintiff.

21. Galindo Z determined Plaintiff's work schedule for the employment at issue herein.

22. Galindo Z maintains an employment file for Plaintiff.

23. Galindo Z is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

24. Galindo Z is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Eldred Robert, Jr.

25. Defendant Eldred Robert, Jr. is the owner and manager of Defendant Beaurayne.

26. At all pertinent times herein Defendant Eldred Robert, Jr. had the authority to hire and fire Beaurayne employees, including the Plaintiff herein.

27. At all pertinent times herein Defendant Eldred Robert, Jr. maintained executive authority over the jobs Beaurayne employees were provided, including the location, duration, and rate-of-pay for those jobs.

### Defendant Jose Galindo

28. Defendant Jose Galindo is the owner of Defendant Galindo Z.

29. At all pertinent times herein Defendant Jose Galindo had the authority to hire and fire Galindo Z employees, including the Plaintiff herein.

30. At all pertinent times herein Defendant Jose Galindo maintained executive authority over the jobs Galindo Z employees were provided, including the location, duration, and rate-of-pay for those jobs.

COLLECTIVE ACTION COMPLAINT - 4

## FACTUAL ALLEGATIONS

31. Defendant Beaurayne is a commercial and residential construction company. Beaurayne is a general contractor on two apartment renovation projects in Baton Rouge, Louisiana. Beaurayne engaged Galindo Z to provide labor for its jobsites.

32. Defendants employed at least sixty manual laborers at their jobsites.

33. Plaintiff normally worked more than forty hours a week for Defendants. On average, Plaintiff worked at least sixty hours per week. Defendants often required Plaintiff to work at least six days per week.

34. Plaintiff was usually paid by check.

35. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

36. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

37. In an effort to intimidate and/or prevent Plaintiffs and putative class members from joining this action, Defendants have contacted or threatened to contact immigration officials.

38. Defendants have sent threatening text messages to Plaintiffs and putative class members.

## COLLECTIVE ACTION ALLEGATIONS

39. Defendants paid the named Plaintiff and other similarly situated employees at a day rate for work performed.

COLLECTIVE ACTION COMPLAINT - 5

40. Defendants treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

41. When the named Plaintiff and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

42. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

43. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

44. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least March 2014 and continuing until the present.

45. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

# COUNT II
## Retaliation Claims

46. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

47. Plaintiff and the putative class bring claims for retaliation against the Defendants, and specifically Jose Galindo.

48. As plead herein, Jose Galindo caused immigration officials to be contacted so as to coerce or remove Plaintiff and the putative class members from this lawsuit.

49. As plead herein, Jose Galindo transmitted text messages to Plaintiff and/or putative class members using threatening and abusive language in an attempt to coerce Plaintiff and/or putative class members from prosecuting this case.

50. These actions constitute "discrimination" as that term is used in 29 U.S.C. 215(a)(3).

51. All members of the Plaintiff class who were victims of this retaliation and/or discrimination are entitled to an award of punitive damages.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Declaring Defendants violated 29 U.S.C. 215(a)(3) and awarding punitive damages;

COLLECTIVE ACTION COMPLAINT - 7

f. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

g. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

h. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*
_____
Roberto Luis Costales
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33696
Telephone: (504) 534-5005
Facsimile: (504) 272-2956
*costaleslawoffice@gmail.com*

*/s/ William H. Beaumont*
_____
William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33005
Telephone: (504) 483-8008
*whbeaumont@gmail.com*

*/s/ Emily A. Westermeier*
_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*