UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OSCAR VALLE, on behalf of himself and other persons similarly situated, | * | Case No.: 3:17-cv-00274 |
| | * | |
| Plaintiffs, | * | JUDGE SHELLY D. DICK |
| vs. | * | |
| BEAURAYNE BUILDERS, LLC, GALINDO Z CONSTRUCTION, LLC, ELDRED ROBERT, JR., AND JOSE GALINDO, | * | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| | * | |
| Defendants. | * | |

**************************************************************************

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION, JUDICIAL NOTICE, AND FOR DISCLOSURE OF THE NAMES AND ADDRESSES OF THE POTENTIAL OPT-IN PLAINTIFFS

Defendants, GALINDO Z CONSTRUCTION, LLC and JOSE GALINDO (collectively referred to as "Defendants"), submit this Opposition in response to Plaintiff's Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs (referred to hereinafter as the "Motion"). In support of their Opposition, Defendants submit as follows:

### DISCUSSION

Defendants oppose the Motion in its entirety based on the arguments (1) that the Plaintiffs and alleged putative class members were/are not "similarly situated," (2) that Plaintiffs have failed to allege the putative class members were "together the victims of a single decision, policy, or plan," and (3) that the "employees" alleged by Plaintiffs were not actual "employees" as defined under the FLSA. In the alternative and should the Court deem class certification

appropriate, Defendants argue (1) that the proposed notices (both the English and Spanish versions) define a class that is overly broad, are unduly prejudicial and fail to properly define the alleged class and the litigation, (2) that Defendants should not be required to disclose phone numbers due to privacy concerns, and (3) that the "Opt-In Period" requested by Plaintiffs is judicially inefficient and causes delay of this litigation.[1]

### I. Conditional Class Certification, Judicial Notice and Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs Are Not Appropriate.

There are two requirements to proceed as a representative action and in order to certify conditional class certification under the FLSA: (1) all plaintiffs must be "similarly situated," and (2) a plaintiff must consent in writing to take part in the suit.[2] The FLSA does not define the requirements for employees to be deemed "similarly situated." Instead, a "two-step method" is routinely utilized, which was originally articulated in *Lusardi v. Xerox Corporation*.[3] Although, as Plaintiffs in this case argue, this is a *lenient* standard, "general allegations that the employer violated the FLSA are insufficient."[4] "Despite the leniency of this standard, conditional certification is <u>not automatic</u>. 'The modest factual showing cannot be satisfied simply by unsupported assertions. . . .'".[5] Further, "Conclusory allegations" are not enough to satisfy this

---

[1] At all times, Defendants deny the appropriateness of class certification and judicial notice as argued herein. Defendants only assert this argument <u>in the alternative</u>.

[2] *Crowley v. Paint & Body Experts of Slidell, Inc.*, No. CIV.A. 14-172, 2014 WL 2506519, at *4 (E.D. La. June 3, 2014).

[3] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 355 (D.N.J. 1987).

[4] *Melson v. Directech Southwest, Inc.,* No. 07–1087, 2008 WL 258988, at *4 (E.D. La. June 25, 2008).

[5] *Myers v. Hertz Corp*., 624 F.3d 537, 555 (2d Cir. 2010) (internal citation and quotation marks omitted).

burden.[6]  As the court in *Greenhill* stated:

> Despite the leniency of the standard at the notice stage, plaintiff still has not met the standard with the scant evidence he has provided, and the court will not conditionally certify the class based on the broad allegations in the complaint and the assertions of counsel in the motion for conditional certification.[7]

In the case *sub judice*, it is Defendants' belief that Plaintiffs are attempting to stretch the alleged *leniency* of conditional class certification too far.[8]  Such *leniency* should not be used to water down the requirements needed for conditional class certification, even at the notice stage. Plaintiffs' Motion has provided nothing more than a restatement of case law and a conclusory view of the alleged purported class.  Further, even upon the named Plaintiffs' own admissions, one can see that the putative class members are not "similarly situated" and that they are not victims of a single decision, policy or plan to violate the FLSA.

**1) Plaintiffs' alleged putative class members were/are not "similarly situated."**

As stated in *Crowley v. Paint & Body Experts of Slidell, Inc.*,[9] a showing that employees are similarly situated "entails more than just a matching of job responsibilities," as the requirement "ensures that the collective action promotes the 'efficient resolution of common

---

[6] See *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, *3 (S.D.N.Y. Feb. 2, 2006) (citation omitted)…" *Colon v. Major Perry St. Corp.*, No. 12 CIV. 3788 JPO, 2013 WL 3328223, at *5 (S.D.N.Y. July 2, 2013).

[7] *Greenhill v. Wise Alloys, LLC*, No. 3:12-CV-01849-HGD, 2013 WL 5350662, at *8 (N.D. Ala. Sept. 23, 2013).

[8] As stated in *Leon v. Diversified Concrete LLC*, the lenient standard has its barriers. Although a lenient standard is applied at the notice stage, "the court still requires at least 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan [that violated the FLSA].'" *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citation omitted) (quoting *Mooney*, 54 F.3d at 1214 n.8). *Leon v. Diversified Concrete LLC*, No. CV 15-6301, 2016 WL 2825073, at *3 (E.D. La. May 13, 2016).

[9] No. CIV.A. 14-172, 2014 WL 2506519, at *4 (E.D. La. June 3, 2014).

issues of law and fact arising from the same alleged discriminatory activity.'" In *Crowley*, the United States District Court for the Eastern District of Louisiana denied conditional class certification (1) where the court found a meager showing of interest by potential opt-in plaintiffs, (2) where both named plaintiffs worked different hours, (3) where allegations by plaintiffs covered different time periods, and (4) where the named plaintiffs "offered only conclusory assertions that other employees were subject to unlawful overtime policies and would desire to opt-in to this action."[10]

In the instant case, the named Plaintiffs, Fredi Reyes, Jose Gutierrez and Edwin Bonilla, admit in their Declarations[11] that they worked for different time periods on the projects mentioned in Plaintiffs' Motion.[12] Also, in the same Declarations, all Plaintiffs admit that they had different titles, duties and tasks: (1) Fredi Reyes states that he was a painter and a carpenter that performed tasks related to "painting the apartment walls, hanging doors, installing baseboards, and other related duties,"[13] (2) Jose Gutierrez states that he was a painter that performed tasks related to "painting walls, roofs, ceilings, doors and door frames,"[14] and (3) Edwin Bonilla states that he was a sheetrocker and finisher that performed tasks related to "installing and finishing sheetrock."[15] Each plaintiff not only had different scopes of work and job functions, each also

---

[10] *Id*. at *10.

[11] Rec. Doc. No. 38-2, 38-3 and 38-4.

[12] Fredi Reyes and Jose Gutierrez claim that they worked from January 2017 through March 2017; unlike Edwin Bonilla, who claims that he worked from November 2016 to March 2017. See Rec. Doc. No. 38-2, 38-3 and 38-4.

[13] See Rec. Doc. No. 38-4.

[14] See Rec. Doc. No. 38-3.

[15] See Rec. Doc. No. 38-2

4

had different rates of pay ranging from $15.00 per hour to $24.00 per hour.[16]  Further, named Plaintiffs did not even work at the same projects, as admitted in their Declarations.  Defendants aver that such projects had different scopes of work, separate prime contracts and different owners.[17]  Jose Gutierrez admittedly only worked at the "Oakbrook Apartments renovation project;" whereas, Edwin Bonilla and Fredi Reyes worked at both "the Oakbrook Apartments renovation project *and* the Ardendale Oaks Apartments renovation project."[18]  Further, Fredi Reyes claims that he only worked with "about **30** other laborers at the jobsite;" whereas, both Jose Gutierrez and Edwin Bonilla claim that they worked with "about **60** other laborers at the jobsite."[19]

Finally, the named Plaintiffs fail to specifically mention any other potential opt-in plaintiffs.  Named Plaintiffs only provide a blanket and speculative statement that they "know from [their] conversations with other workers that some of them would be interested in joining this lawsuit to recover unpaid overtime wages."[20]  This alone cannot be sufficient to show that other potential opt-in parties are interested in joining.  Like the Eastern District of Louisiana stated in *Crowley*:

> . . . Plaintiffs do not provide affidavits from any other general employees of Paint & Body Experts beside Crowley and Brown; indeed, Plaintiffs fail even to name or

---

[16] Rec. Doc. No. 38-2, 38-3 and 38-4.

[17] *Id*. at paragraphs 2.  It should be noted that both projects had different owners, different scopes of work, and different contracts involved.  The owner of the Ardendale Oaks Apartments Project was Ardendale Oaks Apartments, LLC; whereas, the owner of the Oakbrook Apartments Project was Baton Rouge Properties I, LLLP.

[18] *Id*.

[19] *Id*. at paragraphs 4.

[20] Rec. Doc. No. 38-2 and 38-4 at paragraphs 9; and Rec. Doc. No. 38-3 at paragraph 10.

5

specifically identify any individuals who were not paid overtime. **<u>Moreover, there is no suggestion anywhere in the record that other individuals desire to opt-in to this class.</u>** Other district courts have denied certification under these circumstances. For example, in *H & R Block, Ltd. v. Housden*, a court in the Eastern District of Texas denied conditional certification where the movants only submitted affidavits from the two named plaintiffs "which simply state that they believe other workers were discriminated against in similar ways."[21] Similarly, in *Stiles v. FFE Transportation Services, Inc.*, a court in the Northern District of Texas denied certification where the two named plaintiffs submitted affidavits claiming that "<u>from my experience and conversations with other employees of FFE, I know that my colleagues ... often worked in excess of 40 hours per week and were subject to the same compensation polices and procedures.</u>"[22]

The above statements made by the named plaintiffs in the cases cited by the *Crowley* court seem strikingly similar to the statements made by the named Plaintiffs in this case within each Plaintiffs' Declaration.[23]  Like the *Crowley* case, there is no suggestion anywhere in the record that other specific individuals *desire* to opt-in to this class.  In fact, there seems to be a *desire* to opt-out.  Oscar Valle, the original plaintiff in this matter, no longer *desires* to be a part of the case.[24]  Based on this alone, conditional class certification should be denied.  Further, it should be noted that the *Crowley* court denied class certification even where no opposition by the defendant was filed.[25]

---

[21] *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D.Tex .1999).

[22] *Crowley v. Paint & Body Experts of Slidell, Inc.,* No. CIV.A. 14-172, 2014 WL 2506519, at *7 (E.D. La. June 3, 2014) (citing *Stiles v. FFE Transp. Serv., Inc.*, 09–1535, 2010 WL 935469 (N.D.Tex. Mar. 15, 2010)).

[23] Rec. Doc. No. 38-2 and 38-4 at paragraphs 9; and Rec. Doc. No. 38-3 at paragraph 10.

[24] See Rec. Doc. No. 23-1, where Plaintiff, Oscar Valle, states that "<u>he no longer wishes to be a plaintiff in this action</u>."

[25] "Even where a motion for conditional certification is unopposed, courts still evaluate whether plaintiffs have met the required standard." *Crowley v. Paint & Body Experts of Slidell, Inc*., No. CIV.A. 14-172, 2014 WL 2506519, at *4 (E.D. La. June 3, 2014).

### 2) Plaintiffs have not met their burden in alleging that the putative class members were "together the victims of a single decision, policy, or plan."

In Plaintiffs' Motion, Plaintiffs admit several times that the alleged putative class composes of "manual laborers" on two separate projects that were alleged "employees" of two separate and distinct entities. The Plaintiffs' also allege blanket restatements of case law and conclusory allegations that the putative class members were together victims of a single decision, policy or plan by all defendants.  However, Plaintiffs provide nothing more to show that such a single decision, policy or plan was enacted by all defendants.  As stated in a footnote above, "the court still requires at least '**substantial allegations** that the putative class members were together the victims of a single decision, policy, or plan [that violated the FLSA].'"[26] Plaintiffs have failed to provide the nature of such single decision, policy or plan by all defendants.  However, plaintiffs still seek to extend conditional class certification across multiple entities, over multiple projects, for multiple scopes of work.  Without such "substantial allegations" that a *single* decision, policy or plan was enacted, Plaintiffs' Motion fails.

### 3) The putative class "employees" alleged by Plaintiffs were not actual "employees" as defined under the FLSA.

For ease of reference and to consolidate this Opposition, Defendants incorporate fully Section I(B)(1)(b) – "*Plaintiffs' Fair Labor Standards Act – FLSA Overtime Claim: The Employer-Employee Relationship Allegations*" of Defendants' Motion to Dismiss Plaintiffs' First

---

[26] *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citation omitted) (quoting *Mooney*, 54 F.3d at 1214 n.8). *Leon v. Diversified Concrete LLC*, No. CV 15-6301, 2016 WL 2825073, at *3 (E.D. La. May 13, 2016).

7

Amended Collective Action Complaint.[27] Plaintiffs refer to and incorporate such arguments as if fully provided herein.

## II. In the Alternative, the Proposed Notice is Prejudicial and Overly Broad, Defendants Should Not Be Required to Disclose Phone Numbers, and the Proposed Opt-In Time Period Shall Improperly Delay This Litigation.

In the alternative and should the Court deem conditional class certification appropriate, Defendants object to and oppose Plaintiffs' proposed notice. Defendants believe that such notice (both the English and the Spanish versions) is overly broad, fails to properly define the class and the litigation, and is unduly prejudicial. Defendants believe that such notice should explicitly state that the Court has not made any final determination as to the merits of the proposed class and the litigation in general. The notice should also state that the class members, should they decide to join, shall be required to participate in discovery, depositions and appearance at trial. It should also contain a statement that, not only is success not guaranteed, but also the litigation may continue for an extended period of time due to the nature of class litigation. Further, putative class members should be notified that they may be required to pay costs, should their claims be ruled meritless. Defendants also ask the Court to include a statement in the notice that shows the original Plaintiff, Oscar Valle, no longer desires to be a part of the litigation.

The notice also prejudices Defendants in that it states "the lawsuit seeks to recover wages . . . because Defendants did not pay their employees overtime." This statement is prejudicial to Defendants, as the Court has yet to make such a determination, and Defendants obviously deny such allegations. Defendants also believe that the stated class is overbroad, as Plaintiffs seek "**all**

---

[27] Rec. Doc No. 32.

**individuals** who worked **or are working**. . . manual labor" Plaintiffs have admitted in their Motion and in the above mentioned Declarations that the work ceased in March of 2017; however, Plaintiffs still use the present tense. Plaintiffs also object to "all individuals" and "manual labor" as this is vague language which could encompass invitees, third parties, etc. Further, such terms are too broad to adequately notify "similarly situated" persons.

Defendants also object to and oppose Plaintiffs' request for telephone numbers. Defendants should not be required to disclose telephone numbers due to privacy concerns.[28] Along the same lines, Defendants should only be required to produce the names and addresses that they have in their possession, as Defendants can only provide materials within their custody and control. Defendants also aver that such information can be made readily available through discovery, and the Court need not issue a separate order.[29]

Lastly, Defendants object to and oppose the proposed 90 day opt-in period, as this will further delay this litigation. Defendants submit that the standard opt-in period for such notice is no more than 60 days from the date defendants supply names and addresses.[30]

---

[28] In *Mairena-Rivera v. Langston Constr., LLC*, No. CV 16-850-JJB-EWD, 2017 WL 2778346, at *5 (M.D. La. June 27, 2017), the court denied release of telephone numbers. The court stated, "[t]he Plaintiff requests that the Court order the Defendants to provide the names, phone numbers, and last-known addresses of the potential class members. The Defendants argue that, assuming certification is appropriate, they should only be directed to submit the names and addresses of the potential opt-in plaintiffs. The Court agrees with the Defendants and orders Defendants to provide to the Plaintiff the names, last-known addresses, and e-mail addresses (to the extent the Defendants have those addresses) of the potential claimants within twenty days of this Ruling."

[29] As the court in *Marshall v. Louisiana*, No. CV 15-1128, 2016 WL 279003, at *12 (E.D. La. Jan. 22, 2016) concerning such request, "[t]his appears to be information that could be obtained using the normal tools of discovery, and Defendants raise no objection to Plaintiff's request. Therefore, the Court finds that it need not issue a separate order requiring Defendants to provide the requested information. Should Defendants fail to do so in a timely manner, Plaintiff may file an appropriate motion."

[30] See *White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *10 (E.D. La. June 13, 2013).

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs. In the alternative and only if the Court deem class certification appropriate, Defendants pray that the proposed notice be revised to include a more proper definition of the class and the litigation, a shorter opt-in period and that Defendants only be required to provide the names and addresses of each potential putative class member (and only to the extent Defendants have such names and addresses within their possession).

Respectfully submitted,

/s/ Jerry M. Hollander, III

JERRY M. HOLLANDER, III (# 35174), T.A.
**HOLLANDER LAW, L.L.C.**
70325 Highway 1077, Suite 300
Covington, Louisiana 70433
Telephone:   (985) 705-8914
Facsimile:    (985) 792-7154
mike@hollanderlawllc.com
*Attorneys for Defendants, Galindo Z Construction, LLC and Jose Galindo*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to all counsel of record.

This the 16th day of January, 2018.

/s/ Jerry M. Hollander, III
JERRY M. HOLLANDER, III