**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| OSCAR VALLE, et al, on behalf of themselves and other persons similarly situated | CIVIL ACTION |
| VERSUS | 17-274-SDD-RLB |
| BEAURYNE BUILDERS LLC, et al | |

**RULING**

Before the Court is a *Rule 12(b)(6) Motion to Dismiss or in the alternative Rule 12(e) Motion for More Definite Statement* filed by Defendants Galindo Z Construction, LLC, ( "Galindo Construction") and Jose Galindo ( "Galindo") or (collectively the "Defendants").[1] Plaintiff, Oscar Valle ("Valle"), filed an *Opposition*[2] to which Defendants filed a *Reply*.[3] Subsequent to the filing of the *Motion to Dismiss*, Plaintiffs amended their *Complaint*. The *Amended Complaint* incorporates by reference all of the allegations of the original *Complaint* and adds three additional Plaintiffs, Fred Reyes, Jose Gutierrez, and Edwin Bonilla.[4] Defendants then filed another *Rule 12(b)(6) Motion to Dismiss or in the alternative Rule 12(e) Motion for More Definite Statement* as to the *Amended Complaint*.[5] Plaintiffs filed an *Opposition*[6] to which Defendants filed a *Reply*.[7] The memorandum in support of the *Motion to Dismiss*, the *Opposition*, and the *Reply* regarding the *Amended Complaint* are identical to those filed in response to the original

---
[1] Rec. Doc. 10.
[2] Rec. Doc. 13.
[3] Rec. Doc. 14.
[4] Rec. Doc. 31.
[5] Rec. Doc. 32.
[6] Rec. Doc. 36.
[7] Rec. Doc. 43.
Document Number: 44600

*Complaint*. Therefore, the Court will address both below. For the reasons that follow, the Defendants' *Motions* shall be DENIED.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiff Valle instituted the current litigation, on behalf of himself and others similarly situated, asserting claims for failure to pay overtime wages and retaliation in violation of the Fair Labor Standards Act, ("FLSA").[8] Since filing his initial *Complaint* on April 28, 2017, Valle amended to include three new Plaintiffs.[9] Plaintiffs allege that they were employed by Defendants as general construction laborers who performed work on two apartment complex renovation projects in Baton Rouge, Louisiana.[10]

Plaintiffs further allege that "Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying … employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least March 2014 and continuing until the present."[11] Additionally, Plaintiffs allege Defendants retaliated against them for filing these proceedings by contacting immigration officials in violation of § 215(a)(3) of the FLSA.[12]

Defendants argue that Plaintiffs' claims should be dismissed because the *Complaint* (1) fails to allege the details needed to establish that a putative class exists, (2) fails to allege the existence of an employer-employee relationship, (3) fails to specify the amount of overtime compensation due, and (4) fails to plead facts to show a *prima*

---

[8] 29 U.S.C. § 201 *et seq.*
[9] *See* Rec. Docs. 21, 22, and 31.
[10] Rec. Docs. 1, and 31.
[11] Rec.Doc. 31, p. 8.
[12] Rec. Doc. 31, p. 8.
Document Number: 44600

*facie* claim for retaliation.[13] In the alternative, Defendants move for a more definite statement under Rule 12(e).[14]

## II.   LAW AND ANALYSIS
### A. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[15] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[16] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[17] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[18] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] However, "[a] claim has facial plausibility when the

---

[13] Rec. Doc. 10-1, pp. 4, 11.
[14] Rec. Doc. 10-1, p. 14.
[15] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[16] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[17] *In re Katrina*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[18] *Twombly,* 550 U.S. 544 (2007) (hereinafter *Twombly*).
[19] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).
Document Number: 44600

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[22] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]

### B. Collective Action Under the FLSA

The Court will first address the sufficiency of the collective action allegations. § 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of persons who are "similarly situated" to the plaintiff, provided those persons who desire to become a party to the action file a written consent with the court.[25] However, courts are in disagreement about whether a plaintiff who claims to represent similarly situated individuals under § 216(b) must plead facts to support the propriety of a collective action to defeat a Rule 12(b)(6) motion.[26] The Court finds that a challenge to the procedural process employed in wages cases, such as this, is best addressed at the certification stage. In particular, the Court agrees with the rationale applied by the Eastern District of Louisiana in *Lang v. DirecTV*, which held as follows:

> The Court finds that defendants' motion to dismiss is premature because plaintiffs have not moved for certification and have had no opportunity to

---

[21] *Id.* (citing *Twombly*, 550 U.S. at 556).
[22] *Id.*
[23] *Taha v. William Marsh Rice Univ.*, No. H-11-2060, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[24] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[25] 29 U.S.C. § 216(b).
[26] *See*, *Ecoquij-Tzep v. Grill*, 2016 WL 3745685, *5 (N.D.Tex. July 12, 2016)(discussing disagreement among courts).

develop a record. This challenge on the pleadings seeks to end-run the certification process by trying certification on the face of the complaint.[27]

Addressing the certification issue at a later time is further warranted in this case as Plaintiffs have moved for conditional class certification.[28] Accordingly, Defendants' *Motions to Dismiss* Plaintiffs' collective action allegations are DENIED at this time.

### C. Overtime Compensation under the FLSA

The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[29] An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due.[30]

Defendants' *Motions* challenge whether the Plaintiffs have met their burden under *Iqbal* and *Twombly* as to the first and fourth elements. The Court will discuss each in turn.

#### i. Employer-Employee Relationship

The FLSA provides that "[a]ny employer who violates [the Act] shall be liable to the employee or employees affected in the amount of … their unpaid overtime compensation."[31] The FLSA broadly defines an "employer" as "any person acting directly

---

[27] 735 F. Supp. 2d 421, 435-36 (E.D. La. 2010).
[28] Rec. Doc. 38.
[29] 29 U.S.C. § 207(a)(1).
[30] *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).
[31] 29 U.S.C. § 216(b).

Document Number: 44600

or indirectly in the interest of an employer in relation to an employee."[32] The FLSA's implementing regulations specifically contemplate an employee having more than one employer.[33] The Fifth Circuit has noted "that under the FLSA an individual can be employed by one employer or by more than one joint employer."[34]  To determine whether a defendant is an "employer" under the FLSA, courts use an "economic reality test," which considers whether the alleged employees, "as a matter of economic reality," are "economically dependent upon the business to which [they] render[] [their] services."[35] This is a fact intensive inquiry[36] requiring courts to consider whether the alleged employer "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[37]

Plaintiffs' *Amended Complaint* alleges that Galindo Construction supervised their day to day activities, determined their work schedules, and maintained their employment files.[38] Additonally, Plaintiffs allege that Galindo is the owner of Galindo Construction, he had authority to hire and fire Galindo Construction employees, and he maintained executive authority over the jobs Galindo Construction employees were provided,

---

[32] 29 U.S.C. § 203(d).
[33] 29 C.F.R. § 791.2 (a) "A single individual may stand in the relation of an employee to two or more employers at the same time. . ."
[34] *Martin v. Bedell,* 955 F.2d 1029, 1034 n.10 (5th Cir. 1992), citing *Falk v. Brennan,* 414 U.S. 190, 195 (1973).
[35] *Reich v. Circle C. Investments, Inc.,* 998 F.2d 324, 327 (5th Cir. 1993).
[36] The Fifth Circuit has observed that "[w]hether a party is an employer or joint employer for purposes of the FSLA is essentially a question of fact." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagan,* 595 F.3d 610, 620 (5th Cir. 2010)).
[37] *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagan,* 595 F.3d 610, 620 (5th Cir. 2010)).
[38] Rec. Doc. 31, p. 5.

including the location, duration, and rate of pay for those jobs.[39] Several courts within the Fifth Circuit have found similar allegations sufficient to defeat a Rule 12(b)(6) motion,[40] and Defendants have not cited to any authority to support otherwise. Thus, the Court finds that Plaintiffs' *Complaint* and *Amended Complaint* contain sufficient facts to defeat a Rule 12(b)(6)motion regarding the employer-employee relationship.

### ii. Amount of Overtime Compensation Due

Defendants argue that Plaintiffs have failed to plead with specificity the amount of overtime compensation due. Our brothers in the Eastern District have found that "a plaintiff sufficiently pleads [the amount of overtime compensation due] by alleging sufficient facts to put the defendant on notice as to the approximate date ranges, as well as the approximate number of hours worked."[41]

Here, each Plaintiff has alleged the dates on which he was employed by Defendants, the approximate number of hours worked per week, the amount of regular wage made per hour, and that each Plaintiff was paid the same amount for every hour worked in excess of forty in any particular week.[42] As such, the Court finds that Plaintiffs

---

[39] *Id.* at p. 6.
[40] See *Mejia v. Bros. Petroleum, LLC*, No. CIV.A. 12-2842, 2015 WL 3619894, (E.D. La. June 9, 2015); *Lozano v. W. Concrete Pumping, Inc.*, No. 1:15-CV-1192-RP, 2016 WL 4444907 (W.D. Tex. Aug. 23, 2016); *Nieto v. Pizzati Enterprises, Inc.*, No. CV 16-5352, 2016 WL 6962513 (E.D. La. Nov. 29, 2016).
[41] *Maldanado v. New Orleans Millworks, LLC,* No. CV 17-1015, 2017 WL 2472358, at *2 (E.D. La. June 8, 2017)(quoting *Mejia*, 2015 WL 3619894 at *11)(internal quotations omitted).
[42] **Oscar Valle**: Employed from November 2016 – April 2017, worked an average of at least 60 hours per week, and was paid $22.00 per hour. **Fredy Reyes**: Employed from January 2017 – March 2017, worked an average of at least 60 hours per week, and was paid $17.00 per hour. **Jose Gutierrez**: Employed from January 2017 – March 2017, worked an average of at least 60 hours per week, and was paid $15.00 per hour. **Edwin Bonilla**: Employed from November 2016 – March 2017, worked an average of at least 60 hours per week, and was paid $24.00 per hour. Rec. Doc. 31 pp. 2-4, 6.

have properly satisfied the pleading requirements to place Defendants on sufficient notice of the amount of overtime compensation due.[43]

### D. <u>Discrimination under the FLSA</u>

Defendants also argue that Plaintiffs have failed to allege the specific facts necessary to make a *prima facie* showing for a retaliation claim under 29 U.S.C. § 215(a)(3). The FLSA makes it unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee…"[44] In order to establish a retaliation claim, "a plaintiff must make a prima facie showing of (1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action.

Here, Plaintiffs allege that they engaged in protected activity by filing the instant lawsuit under the FLSA and, because of this filing, Defendants retaliated against them by contacting immigration officials to remove Plaintiffs from the litigation.[45] Defendants argue that Plaintiffs have not plead any facts concerning a complaint.[46] While Defendants do not articulate exactly what they mean by complaint, the Court assumes that Defendants believe that the law requires for the employee to make some kind of complaint, be it oral or written, to the employer, prior to filing suit under the FLSA. Additionally, Defendants

---

[43] Defendants' reliance on *England v. Administrators of Tulane Education Fund* is misplaced. *Compare England*, 2016 WL 3902595, at *3 *with England v. Admin's. of Tulane Educ. Fund*, No. 16-3184, 2016 WL 6520146, at *3-4 (E.D. La. Nov. 3, 2016) (noting that the newly amended complaint, which specified that the overtime violations occurred between July 2012 through December 2014, sufficiently pleaded enough facts to put the defendant on notice). *Maldanado*, at *3 (E.D. La. June 8, 2017).
[44] 29 U.S.C. § 215(a)(3).
[45] Rec. Doc. 31, p. 8.
[46] Rec. Doc. 10-1, p. 12.

argue that the "threats" mentioned in Plaintiffs' *Amended Complaint* do not constitute an adverse employment action.[47] Defendants' argument ignores the plain language of § 215(a)(3) insofar as it protects an employee from discrimination after filing a complaint **or** instituting any proceeding under this chapter.[48] It is well-settled that filing a lawsuit for unpaid overtime compensation under the FLSA is a "protected activity" as described therein.[49] Moreover, threatening or contacting immigration services in retaliation for filing FLSA claims against an employer has been recognized by many courts as an adverse employment action under the FLSA anti-retaliation provision.[50] Therefore, this Court finds that Plaintiffs have adequately met the pleading standards required for their FLSA retaliation claim. As such, Defendants' Rule 12(e) *Motion for More Definite Statement* is DENIED.

### III. CONCLUSION

Accordingly, the *Rule 12(b)(6) Motions to Dismiss*[51] filed by Defendants Galindo Z Construction, LLC, and Jose Galindo are hereby **DENIED.** The *Rule 12(e) Motions for More Definite Statement*[52] are also **DENIED**.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 23, 2018</u>.

*/s/ Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[47] *Id.* at p. 13.
[48] 29 U.S.C. § 215(a)(3).
[49] See *Lambert v. Ackerley*, 180 F.3d 997, 1004–05 (9th Cir. 1999); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).
[50] See *Arias v. Raimondo*, 860 F.3d 1185, 1192 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 673 (2018); *Singh v. Jutla & C.D. & R's Oil, Inc.*, 214 F. Supp. 2d 1056, 1059 (N.D. Cal. 2002); *Centeno–Bernuy v. Perry*, 302 F.Supp.2d 128, 136 (W.D.N.Y.2003); *Contreras v. Corinthian Vigor Ins. Brokerage, Inc.*, 103 F. Supp. 2d 1180, 1185 (N.D. Cal. 2000).
[51] Rec. Doc. 10 and 32.
[52] *Id.*