## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

OSCAR VALLE, ET AL.                                    CIVIL ACTION

VERSUS

                                                       NO. 17-274-SDD-RLB

BEAURAYNE BUILDERS, LLC, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 19, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

OSCAR VALLE, ET AL.                                  CIVIL ACTION

VERSUS
                                                     NO. 17-274-SDD-RLB
BEAURAYNE BUILDERS, LLC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Beaurayne Builders, LLC's ("Beaurayne") Motion for Sanctions. (R. Doc. 90).  The deadline for filing an opposition has expired. LR 7(f).  Accordingly, the motion is unopposed.

On July 11, 2019, Beaurayne filed a Motion to Compel seeking an order compelling the plaintiffs Orbin Antunez ("Antunez") and Edwin Mendoza ("Mendoza") to respond to Interrogatories and Requests for Production served on August 22, 2018. (R. Doc. 87).  In support of its Motion to Compel, Beaurayne submitted a Rule 37(a)(1) certificate in which its counsel certified "that they have in good faith conferred with plaintiffs' counsel regarding the plaintiffs' failure to respond to written discovery in an effort to obtain same without court action. Plaintiffs, however, have still failed to respond to written discovery." (R. Doc. 87 at 2).  In its supporting memorandum, Braurayne further submitted that its "counsel has repeatedly conferred with counsel for plaintiffs regarding the outstanding discovery responses.  According to counsel for plaintiffs, Antunez and Mendoza have been unresponsive to his repeated requests to have them complete their discovery responses, and Antunez and Mendoza are no longer actively participating in the litigation." (R. Doc. 87-1 at 1).

On August 7, 2019, after providing Antunez and Mendoza an opportunity to respond, the Court granted the unopposed Motion to Compel and ordered Antunez and Mendoza to provide

responses to Beaurayne's Interrogatories and Requests for Production within 14 days of the date of the Order. (R. Doc. 89). The Court informed Antunez and Mendoza that failure to comply with the foregoing discovery order would subject them to sanctions under Rule 37(b)(2), including dismissal of their claims with prejudice, if any such sanctions were sought by separate motion.

On August 23, 2019, Beaurayne filed the instant Motion for Sanctions. (R. Doc. 90). Beaurayne now represents that Antunez and Mendoza failed to provide discovery responses within the time ordered by the Court. (R. Doc. 90 at 2). As stated above, Antunez and Mendoza did not file an opposition.

Where a party fails to obey a discovery order, the court may issue a further just order, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The sanction of dismissal for failure to comply with a court order "should be exercised only in exceptional circumstances." *In re Liquid Carbonic Truck Drivers Chem. Poisoning Litig. M.D.L. Docket No. 252*, 580 F.2d 819, 822 (5th Cir. 1978). Dismissal with prejudice may be ordered as a sanction for violating a discovery order only when the following conditions (known as the *Conner* factors) are met: "(1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney[;] (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (internal quotation marks omitted); *see F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994). Furthermore, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses of unjust." Fed. R. Civ. P. 37(b)(2)(C).

Antunez and Mendoza have failed to comply with a discovery order and the violation has substantially prejudiced Beaurayne in defending this action, as discovery closed on July 31, 2019. (R. Doc. 73 at 2). It appears that the discovery violation is attributable to the individual plaintiffs, although Plaintiffs' counsel have not filed any representations into the record with regard to Antunez and Mendoza's non-responsiveness. Given that the record indicates that Antunez and Mendoza have abandoned their claims in this action, the Court finds it appropriate to dismiss their claims brought against Beaurayne.

Dismissal with prejudice, however, "is a severe sanction that deprives a litigant of the opportunity to pursue his claim" and is only appropriate where "lesser sanctions would not serve the best interests of justice." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011). Having considered the record, including the lack of representations by Plaintiff's counsel with regard to Antunez and Mendoza's non-responsiveness, the Court concludes that dismissal without prejudice would serve the bests interests of justice. *See Marshall v. Louisiana*, No. 15-1128, 2017 WL 90655, at *6 (E.D. La. Jan. 10, 2017) (dismissing claims of non-responding opt-in plaintiffs in collective action without prejudice). Furthermore the Court concludes that an award of expenses would be unjust given the dismissal of these plaintiffs' claims, albeit without prejudice.

Based on the foregoing,

**IT IS RECOMMENDED** that Beaurayne's Motion for Sanctions (R. Doc. 90) be **GRANTED IN PART and DENIED IN PART,** that the claims of Orbin Antunez and Edwin

Mendoza brought against Beaurayne Builders, LLC be **DISMISSED WITHOUT**

**PREJUDICE**, and that the parties bear their own costs with respect to the instant motion.

    Signed in Baton Rouge, Louisiana, on September 19, 2019.


          **RICHARD L. BOURGEOIS, JR.**
          **UNITED STATES MAGISTRATE JUDGE**