## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

OSCAR VALLE, ET AL.                                           CIVIL ACTION

VERSUS                                                        NO. 17-274-RLB

BEAURAYNE BUILDERS, LLC, ET AL.

AND

ANDERSON CASTILLO, ET AL.                                     CIVIL ACTION

VERSUS                                                        NO. 19-871-RLB

BEAURAYNE BUILDERS, LLC, ET AL.

                                                             THIS ORDER PERTAINS
                                                             TO ALL ACTIONS

## <u>ORDER</u>

Before the Court is the Joint Motion to Approve FLSA Settlement Agreement filed by

Plaintiffs, Fredy Reyes and Jose Gutierrez, on behalf of themselves and all putative class

members, and defendants, Beaurayne Builders, LLC and Eldred Robert, Jr. (collectively, the

"Parties") (R. Doc. 122) (filed under seal).[1]  In the motion, the Parties jointly move this Court (1)

to approve a settlement under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"),

and (2) to enter an Order dismissing with prejudice all of the claims alleged in the lawsuit against

Defendants by Plaintiffs.

I.      **Background**

On April 28, 2017, Oscar Valle filed a collective action, Civil Action No. 17-274, naming

as defendants Beaurayne Builders LLC, Eldred Robert, Jr., Galindo Z Construction LLC, and

---

[1] References to the record are found in the lead case, No. 17-274.

Jose Galindo (collectively, "Defendants"). (R. Doc. 1). The Complaint alleges that Oscar Valle, and others similarly situated, were not paid overtime by Defendants in violation of the FLSA for work done from approximately November 2016 to March 2017 on two apartment complex renovation projects.

On November 21, 2017, a First Amended Collection Action Complaint was filed naming Oscar Valle, Fredy Reyes, Jose Gutierrez, and Edwin Bonilla as the named plaintiffs. (R. Doc. 31). Oscar Valle then sought and obtained his own dismissal from the action. (R. Doc. 60). Edwin Bonilla and opt-in plaintiff Gustavo Urbina were dismissed from this action for failure to prosecute. (R. Docs. 113, 115). Accordingly, the sole named plaintiffs in Civil Action No. 17-274 are Fredy Reyes and Jose Gutierrez.

On August 9, 2018, the Court granted conditional class certification. (R. Doc. 61).

On March 5, 2020, the undersigned held a settlement conference. (R. Doc. 97).  After a period of negotiations, the parties were able to agree to terms of a settlement, and the attorneys stated they would work on memorializing the settlement in this matter and seeking appropriate court action in approving the agreement.

Civil Action No. 17-274 was then consolidated with Civil Action No. 19-871, another FLSA action pertaining to the same facts and with overlapping parties. (R. Doc. 105). The Parties now seek approval of their settlement of all claims in both Civil Action No. 17-274 and Civil Action No. 19-871. While Jose Galindo and Galindo Z Construction are not parties to the Settlement Agreement, the Settlement Agreement seeks dismissal with prejudice of Plaintiffs' claims against those defendants in both Civil Action No. 17-274 and Civil Action No. 19-871.

All plaintiffs and defendants have consented to proceed before the undersigned for all purposes in accordance with 28 U.S.C. § 636(c). (R. Docs. 103, 116).

2

## II.    Legal Standards and Analysis

Because this is a case arising under the FLSA, this Court must review the settlement for fairness before approving it. *Brown v. 4Ever Caring., LLC*, No. 19-809, 2020 WL 4370882, at *2 (M.D. La. July 30, 2020) (citation omitted).  "Before approving an FLSA settlement agreement, a court must determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable." *Id.*

### A.    Bona Fide Dispute

"When deciding whether a bona fide dispute exists, the Court considers whether there is a genuine dispute as to the Defendant's liability under the FLSA, as without a bona fide dispute, no settlement could be fair and reasonable. This is particularly true in an FLSA action because its provisions are mandatory, and not subject to negotiation and bargaining between employers and employees." *Id.* (quoting *Catherine v. SureTemps, LLC*, No. 17-7561, 2019 WL 4038604, at *2 (E.D. La. Aug. 27, 2019)).

The Court finds that a bona fide dispute exists over the FLSA's provisions. The FLSA provides that "no employer shall employ any of his employees . . . for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2)(C).  Plaintiffs seek to recover overtime pay from their alleged employers as provided by the FLSA.

There remains a bona fide dispute as to whether Plaintiffs were employees of Defendants as contemplated by the FLSA.  Moreover, Beaurayne Builders, LLC and Eldred Robert, Jr. maintain that they are not liable to Plaintiffs under the FLSA or any other possible theory or claim.

### B.    Fair and Reasonable Settlement

To determine whether a settlement is fair and reasonable under the FLSA, courts look to *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), in which the Fifth Circuit enumerated factors to use in determining whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure. *Catherine*, 2019 WL 4038604, at *3; *see Allen v. Entergy Operations Inc.*, No. 11-1571, 2016 WL 614687, at *2 (E.D. La. Feb. 16, 2016) (citing cases).  The six factors are "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Catherine*, 2019 WL 4038604, at *3 (citations omitted). Courts will, however, "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 722 (E.D. La. 2008)

### 1.    Fraud or Collusion

When considering this factor, there is a "strong presumption" in favor of finding a settlement is fair. *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (citation omitted). The Court may presume no fraud or collusion occurred when there is no evidence to the contrary. *Collins*, 568 F. Supp. 2d at 725 (citing *Camp*, 2004 WL 2149079, at *7). Having reviewed the Partis' submissions and the record, the Court sees no evidence of fraud or collusion. Plaintiffs and Defendants have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and the final settlement agreement were the subject of arms-length negotiations over a considerable period of time.  The

Parties represent that Plaintiffs' back wages were negotiated separately from attorney's fees. The Court finds that this factor is satisfied.

### 2. The Complexity, Expense, and Duration of Litigation

Had a settlement not been reached, both sides would have engaged in extensive motion practice in order to prove their claims and defenses. Because the parties settled this action, both time and expenses were saved. The Court finds that this factor has been met.

### 3. The Stage of the Proceedings and The Amount of Discovery Completed

There are two reasons why the Court considers this factor: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . settlement is not collusive but arms-length." *Catherine*, 2019 WL 4038604, at *4 (citing 4 William B. Rubenstein, *Newberg on Class Actions* § 13.50 (5th ed. 2015)).  This settlement was reached after the close of fact discovery.  The Court finds that this factor has been met.

### 4. The Probability of Success on the Merits

If this action proceeded to trial, Plaintiffs would have to prove their damages and that Defendants were their employers. The Court finds that this factor is satisfied and that the settlement reached is fair and reflects the likelihood of success on the merits.

### 5. The Range of Possible Recovery

The Court has reviewed the consideration to be paid each of the individual Plaintiffs in this action and finds the payment to reflect a reasonable amount consider the expenses of continued litigation and the range of possible recovery.  Under the circumstances, the Court finds that this factor is satisfied.

6.      **The Opinions of Counsel**

As stated above, Plaintiffs and Defendants have been represented by counsel experienced in the litigation of FLSA claims.  Counsel for the Parties represent that the settlement is fair and reasonable and recommend to the Court that the settlement be approved. This Court finds this factor is satisfied.

**III.    Conclusion**

Having carefully reviewed the parties submissions, and having concluded that the Parties' Confidential Settlement Agreement and Release is fair and reasonable, and that Plaintiffs' counsel has the authority to sign the settlement agreement on behalf of the Plaintiffs,

**IT IS ORDERED** that the parties' Joint Motion (R. Doc. 122) is **GRANTED**, and that the Parties' Confidential Settlement Agreement and Release is **APPROVED**.

**IT IS FURTHER ORDERED** that all of the Plaintiffs' claims in Civil Action No. 17-274 and Civil Action No. 19-871 are **DISMISSED WITH PREJUDICE**.  The Court shall retain jurisdiction to address any disputes between the parties regarding the Confidential Settlement Agreement and Release.

Signed in Baton Rouge, Louisiana, on March 31, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**